■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY FRANKEWICH, Appellant, v. DANIEL McMANN, Warden, Respondent.— Appeal dismissed as academic. (See decision in *People* v. *Frankewich,* 33 A D 2d 982.) All concur; Gabrielli, J., not participating. (Appeal from judgment of Cayuga County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FRANKEWICH, Appellant.— Judgment unanimously modified on the law and facts, and in the exercise of discretion, in accordance with the memorandum herein, and as so modified affirmed. Memorandum: Defendant appeals from judgments of conviction, and the sentences imposed thereon, by the Herkimer County Court after defendant pleaded guilty to various counts of indictments charging him with grand larceny and forgery. Defendant was sentenced to terms of 3½ to 5 years on each of three counts of indictment No. 6012, the sentences to run consecutively. After pronouncing these sentences the court proceeded to sentence defendant to terms of 3½ to 5 years on each of three other indictments and ordered that these three sentences should run concurrently. No indication was given by the court as to whether these concurrent sentences were to run concurrently with the consecutive sentences, or after the expiration of those sentences. In view of our determination it becomes unnecessary to

reach this question. After sentencing defendant the court stated that inasmuch as the defendant is "a speculator and gambler I am going to give you a gambler's sporting chance." The court then referred to the possibility of suspension of all sentences except the first if restitution were made before the end of the first consecutive sentence. The language of the court did not comply with provisions for making restitution. Without enlarging on the subject this portion of the sentencing was vague and indefinite. It did not, however, vitiate the sentences and we need not consider it further in view of our disposition. Were it not for the excessiveness of the sentences and the manner in which they were pronounced, we would be constrained to remand the matter for resentencing. The defendant has served at least eight years of his sentences as of the date of this writing. On this record, and after examining the presentence investigation report, we conclude that the interests of justice will best be served by modifying the judgment which imposed sentence on indictment No. 6012 to provide that sentence of two to four years is imposed on the first and third counts thereof, to run consecutively, and sentence is suspended on the fifth count thereof. Judgments imposing sentences on all other counts of the remaining indictments are modified to provide that sentences thereon are suspended. (See Code Crim. Pro., § 543; *People* v. *Hogestyn*, 32 A D 2d 872; *People* v. *Fox*, 31 A D 2d 632; *People* v. *Nagle*, 30 A D 2d 654; *People* v. *Kwasniewski*, 27 A D 2d 794.) (Appeal from judgment of Herkimer County Court convicting defendant of grand larceny and forgery.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.